IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DAYSHA BLOUNT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: |
| | ) 3:20-CV-00676-SDD-EWD |
| FLAGSHIP CREDIT ACCEPTANCE, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT FLAGSHIP CREDIT
ACCEPTANCE'S REPLY TO PLAINTIFF'S
RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

Defendant Flagship Credit Acceptance LLC ("Flagship" and/or "Defendant") moved to dismiss Plaintiff Daysha Blount's ("Plaintiff") Complaint (the "Complaint") (Doc. No. 12) on January 3, 2021 pursuant to Federal Rule of Civil Procedure 12(b)(6) in its entirety for failure to state a claim against the Defendant. Plaintiff filed a Response thereto on February 12, 2021 (Doc. No. 16). Defendant files this Reply to the Response and in support states as follows:

**ARGUMENT**

In her Response to Defendant's Motion to Dismiss, Plaintiff, who appears *pro se*, reasserts her contentions set forth in her Complaint. Again, Plaintiff vaguely alleges violations of 15 U.S.C. §1692, the Fair Debt Collection Practices Act ("FDCPA") against the Defendant. Plaintiff's claims are misguided. Flagship does not qualify as a debt collector under the FDCPA and as a result, this matter should be dismissed with prejudice.

    **A.**    **Plaintiff's FDCPA claim fails because Flagship is not a debt collector.**

In her Response, Plaintiff continues to fail to, and is unable to, allege that Flagship is a debt collector. Plaintiff seems to believe that simply because Flagship is attempting to obtain payment on Plaintiff's debt obligations, it is therefore deemed a debt collector under the FDCPA. This is not accurate. The FDCPA's restrictions are only applicable to debt collectors as defined within the FDCPA. *Id.* The only way to maintain a claim under the FDCPA is to plausibly allege sufficient factual content to enable the court to draw a reasonable inference that the defendant meets the FDCPA's definition of "debt collector." *Id.*

Here, Plaintiff has failed to allege facts that plausibly give this Court what it needs to make the determination that Flagship is a debt collector under the FDCPA. To the extent that Plaintiff attempts to allege that Flagship is a debt collector, Plaintiff's efforts are tantamount to the conclusory, formulaic allegations deemed insufficient to state a cause of action under the FDCPA in the Fifth Circuit.

Moreover, even if Plaintiff attempted to allege that Flagship is a debt collector under the FDCPA, such a claim would have been refuted by the Exhibits attached to her Complaint. As made clear by the RISC itself, **the debt is payable to Flagship**. Since Flagship is not collecting or attempting to collect a debt owed or due to another entity, Flagship simply cannot qualify as a debt collector under the FDCPA.

    **B.**    **Flagship is further exempted from liability as the RISC was assigned prior to default.**

An entity that otherwise meets the definition of 'debt collector' may be excluded from the term if it obtained a debt from another, it is collecting the debt for another, *and* the debt was acquired prior to default. Even if a person who does not fall under one of the exempted categories

provided by Section 1692a(6)(A)-(F), that does not necessarily equate to the determination that the entity is a debt collector for purposes of liability under the FDCPA. *Id*.

Here, even if Flagship could fairly be characterized as a debt collector, it is expressly exempted from liability as it acquired the debt well in advance of any default. As is plainly evident on the face of the RISC, Plaintiff's debt was immediately assigned to Flagship. Plaintiff never made a payment to Granger Chevrolet as all payments were to be made to Flagship. Accordingly, Flagship falls under the FDCPA's definition of exempted persons. *See* 15 U.S.C. § 1692a(6)(F)(iii).

Read in its entirety along with its Exhibits, Plaintiff's Complaint fails to properly assert that Flagship is a debt collector. In fact the inverse is true. A reading of the Complaint indicates that Flagship is *not* a debt collector. This is only furthered by a plain reading of the RISC, which this Court should consider on this Motion to Dismiss, showing an immediate assignment of the RISC to Flagship. Accordingly, Plaintiff's FDCPA claim should be dismissed with prejudice as further amendment would be futile.

    **C.**    **Plaintiff's additional claims raised in her Response should not be considered.**

Plaintiff then seemingly attempts to argue that Flagship has in some way violated the Truth in Lending Act—an argument that was not raised in her Compliant. Plaintiff's Complaint only lists alleged violations against Flagship under the Fair Debt Collection Practices Act, 15 U.S.C. 1692. (*See* Doc 1, ¶ III(C)). "It is 'wholly inappropriate to use a response to a motion to dismiss to essentially raise a new claim for the first time.'" *Sneed v. Austin Independent School Dist.*, 1:19-CV-608, 2020 WL 5951507 (W.D. Tex. Sept. 16, 2020) *citing Diamond Beach Owners Ass'n v. Stuart Dean Co.*, 3:18-CV-00173, 2018 WL 7291722, at *4 (S.D. Tex. Dec. 21, 2018), report and

3

recommendation adopted, 3:18-CV-00173, 2019 WL 245462 (S.D. Tex. Jan. 17, 2019). As such, because Plaintiff's new facts or claims made in her Response to Defendant's motion to dismiss are not incorporated into the original pleadings, the court here should consider only the factual allegations and claims made in Plaintiff's Complaint.

## CONCLUSION

WHEREFORE, Defendant Flagship Credit Acceptance by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully requests this Court dismiss Plaintiff Daysha Blount's Complaint (Doc. No. 1) in its entirety for failure to state a claim, with prejudice and without leave to amend, and for any further relief the Court deems just and proper.

This 26th day of February, 2021.

**HOLLAND & KNIGHT LLP**

*/s/ Patrick B. Reagin*
Patrick B. Reagin
Louisiana Bar No. 35970
1180 West Peachtree Street
Suite 1800
Atlanta, GA 30309
Phone: (404) 817-8433
Fax: (404) 881-0470

*Attorneys for Defendant*
*Flagship Credit Acceptance LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I served a copy of the foregoing on counsel through the Court's CM/ECF system which automatically provides a copy to counsel of record and mailed via U.S. First Class U.S. Mail to:

Daysha Blount
42241 Conifer Drive
Gonzales, LA 70737

This 26th day of February, 2021.

                                      **HOLLAND & KNIGHT LLP**

                                      */s/ Patrick B. Reagin*
                                      Patrick B. Reagin
                                      Louisiana Bar No. 35970

                                      *Attorneys for Defendant*
                                      *Flagship Credit Acceptance LLC*