### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF LOUISIANA

**DAYSHA BLOUNT**                                          **CIVIL ACTION NO.**

**VERSUS**                                                 **20-676-SDD-EWD**

**FLAGSHIP CREDIT ACCEPTANCE**

### <u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 3, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF LOUISIANA

**DAYSHA BLOUNT**                                     **CIVIL ACTION NO.**

**VERSUS**                                            **20-676-SDD-EWD**

**FLAGSHIP CREDIT ACCEPTANCE**

<u>**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS**</u>

Before the Court is the Motion to Dismiss ("Motion"), filed by Defendant Flagship Credit Acceptance ("Flagship"), which seeks dismissal of the Complaint, filed by Daysha Blount ("Plaintiff"), for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).[1] Plaintiff opposes the Motion.[2] Because the Complaint fails to state a claim, it is recommended[3] that the Motion to Dismiss be granted, dismissing Plaintiff's claims without prejudice, and that Plaintiff be given leave to amend her Complaint.

## I.    Background

This is a civil action involving claims for damages against Flagship asserted by Plaintiff, who is representing herself.[4]    On October 7, 2020, Plaintiff filed a form "Complaint and Request for Injunction" ("Complaint"), which sufficiently alleged subject matter jurisdiction pursuant to 28 U.S.C. § 1331 based on claims arising under 15 U.S.C. § 1692, the Fair Debt Collection Practices Act ("FDCPA").[5]    However, the facts in support of Plaintiff's FDCPA claims, which are

---

[1] R. Doc. 12 *and see* Flagship's Reply at R. Doc. 17.
[2] R. Doc. 16.
[3] *See Scott v. Ruston Louisiana Hosp. Co., LLC,* No. 16-0376, 2017 WL 979104, at *2 (W.D. La. Mar. 14, 2017) ("When a District Court refers a dispositive matter like a Rule 12(b)(6) Motion to Dismiss for failure to state a claim upon which relief can be granted to a Magistrate Judge, the Magistrate Judge is required to enter a recommended disposition of the matter into the record….Any party may then object to the Magistrate Judge's recommendations….The District Court must then 'make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *See* 28 U.S.C. § 636(b).
[4] R. Doc. 1. Plaintiff was permitted to proceed *in forma pauperis.* R. Docs. 2-3.
[5] R. Doc. 1, p. 3.

alleged to have occurred from "06/14/2020 -10/05/2020" in Texas,[6] consist solely of the following

statement:

> Flagship Credit Acceptance has violated my rights as a federally protected
> consumer. Here are a few but not all, laws that was violated l692.b(5),
> 1692.(a), 1692e.(11), 1692f.(8), 1692.(2)(A), 1692d(2).[7]

Attached to the Complaint are seventy-three pages, which consist of a variety of documents, none

of which allege any specific facts in support of the above allegation.[8] Plaintiff's showing of

irreparable injury/explanation of how monetary damages would not adequately compensate

Plaintiff, *i.e.*, allegations in support of an injunction, consist of the following two statements:

> They have caused me financial injury/distress due to me being a retired
> disabled veteran, I can no longer work, and I have a set income every month.
> I've tried to find side jobs that pay cash, ruined relationships with my family
> due to me constantly asking to borrow money.[9]

On January 4, 2021,[10] Flagship filed the Motion; however, review of the certificate of

service reflected that the Motion was served on Plaintiff at an incorrect street address.[11] Therefore,

Flagship was ordered to re-serve the Motion and supporting documents on Plaintiff at the address

listed on the docket and to file a notice of compliance into the record. Flagship timely complied.[12]

Plaintiff filed her Response to the Motion and Flagship replied.[13]   As explained below, because

---

[6] R. Doc. 1, p. 4.

[7] R. Doc. 1, p. 5.

[8] R. Docs. 1-1, 1-3. Plaintiff alleged the following regarding the "Amount in Controversy":  "Flagship Credit Acceptance caused me emotional distress and anxiety. I had appointments leaving out of the military and was diagnosed with PTSD and Anxiety with the help of this company...." R. Doc. 1, p. 4.  As damages, Plaintiff seeks: "an apology, zero out the balance on this account, deletion from all consumer reports, and monetary compensation," which Plaintiff quantifies as $450,000. R. Doc. 1, pp. 4-5.

[9] R. Doc. 1, p. 5.

[10] Flagship sought and was granted an extension of time to respond to Plaintiff's Complaint.  R. Docs. 7-8. Additionally, on motion of Flagship, the Court continued the scheduling conference in light of that extension and because of Flagship's representations that it had prepared the joint status report and attempted to contact Plaintiff about it but had not been able to reach Plaintiff. R. Docs. 9 and 11.  The scheduling conference was ultimately canceled pending resolution of the Motion. R. Docs. 5 and 15.

[11] R. Doc. 12, p. 3 and R. Doc. 12-1, p. 9.

[12] R. Docs. 13-14, with the latter reflecting service on Plaintiff on February 2, 2021.

[13] R. Docs. 16-17.

the Motion has merit, it should be granted; however, due to Plaintiff's pro se status, she should be given an opportunity to amend her Complaint to state a claim, if possible.

## II. Law and Analysis

### A. Legal Standard on Fed. R. Civ. P. 12(b)(6) Challenge

Federal Rule of Civil Procedure 8(a) requires a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[14] Rule 8 does not require detailed factual allegations, but "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[15] If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief may be granted."[16]

In *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal*,[17] the United States Supreme Court addressed the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level."[18] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[19] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[20] It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader

---

[14] Fed. R. Civ. P. 8(a)(2).
[15] *Mendoza v. Franklin Credit Management Corporation*, No. 4:16-276-O, 2016 WL 6304813, at *1 (N.D. Tex. May 27, 2016), *citing Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
[16] *Mendoza*, 2016 WL 6304813, *1 *citing* Fed. R. Civ. P. 12(b)(6).
[17] *Twombly*, 550 U.S. 544 and *Iqbal*, 556 U.S. 662.
[18] *Twombly,* 550 U.S. at 555.
[19] *Iqbal,* 556 U.S. at 678, *quoting Twombly,* 550 U.S. at 570.
[20] *Iqbal,* 556 U.S. at 678.

is entitled to relief.'"[21]  "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[22]

On a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a district court "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[23]  The Court "must accept as true all of the factual allegations contained in the Complaint."[24]  While factual assertions are presumed to be true, "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" alone are not enough to withstand a Fed. R. Civ. P.12(b)(6) motion.[25]

## B.  The Elements of a Claim Under the FDCPA

The FDCPA, 15 U.S.C. § 1692 *et seq*., prohibits a debt collector, defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another,"[26] from using any false or misleading representations or unfair practices[27] (among other prohibitions) in connection

---

[21] *Id.* at 679.
[22] *Id.* at 678 (internal quotation marks omitted).
[23] *Funk v. Stryker Corp.,* 631 F.3d 777, 783 (5th Cir. 2011) (citations omitted).
[24] *Erickson v. Pardus,* 551 U.S. 89, 94 (2007).
[25] *Iqbal*, 556 U.S. at 678.
[26] 15 U.S.C. § 1692a(6). (emphasis added).  However, this definition contains a number of exceptions.  *See id.* at subsections (A)-(F).
[27] *See* 15 U.S.C. § 1692e ("A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt…..the following conduct is a violation of this section:…(2) The false representation of-- (A) the character, amount, or legal status of any debt;…(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed;…(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer….").  *See also* 15 U.S.C. § 1692f ("A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt….").

with collecting or attempting to collect a debt from a consumer.[28]  To state a claim under the FDCPA, a plaintiff must show: (1) that he or she is a consumer; (2) that the debt arises out of a transaction entered into for personal purposes; (3) that the defendant is a debt collector; and (4) that the defendant violated at least one of the provisions of the FDCPA.[29]  FDCPA violations include, but are not limited to, prohibitions regarding: (1) the time and manner of collection activity;[30] (2) direct communication with consumers;[31] (3) engaging in conduct resulting in harassment or abuse;[32] (4) the use of false, deceptive, misleading representations and/or threats to take unavailable or unintended actions;[33] and (5) the use of unfair or unconscionable means.[34]

## C. Plaintiff's Complaint and Request for an Injunction Fail to Allege Plausible Claims

Liberally construing Plaintiff's allegations in the Complaint as true,[35] Flagship is correct that Plaintiff has failed to state claim under the FDCPA.[36]  While Plaintiff lists several FDCPA provisions that she claims Flagship violated, the Complaint does not allege any facts to explain what actions of Flagship Plaintiff believes violated the FDCPA.   Plaintiff has alleged only the legal conclusion that Flagship has "violated her rights," which fails to state a claim.[37]

---

[28] 15 U.S.C. § 1692a(3) (defining "consumer" as any natural person obligated or allegedly obligated to pay any debt) and 15 U.S.C. § 1692(5) (defining "debt" as any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment).

[29] 128 Am. Jur. Trials 243 *and see Jackson v. Bank of Am., N.A.,* No. 15-00346, 2017 WL 1173933, at *2 (M.D. La. Mar. 28, 2017) ("In order to state a claim under the FDCPA, Jackson must allege that '(1) he has been the object of collection activity arising from consumer debt, (2) the defendant is a 'debt collector' as defined by the Act, and (3) the defendant has engaged in an act or omission prohibited by the Act.'").

[30] 15 U.S.C. § 1692c.

[31] 15 U.S.C. § 1692c.

[32] 15 U.S.C. § 1692d.

[33] 15 U.S.C. § 1692e.

[34] 15 U.S.C. § 1692f.

[35] A document filed *pro se* is "to be liberally construed" and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers…." *Erickson,* 551 U.S. at 94, *citing Estelle v. Gamble,* 429 U.S. 97, 106 (1976).

[36] R. Doc. 12-1, pp. 3, 8.

[37] Likewise, Plaintiff's request for injunction lacks any factual support. R. Doc. 1.  "[A] preliminary injunction is an extraordinary remedy which should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements." *Planned Parenthood Ass'n of Hidalgo County Texas, Inc. v. Suehs,* 692 F.3d

The seventy-three pages attached to the Complaint, many of which are duplicates, also fail to allege a claim under and/or a violation of the FDCPA.[38]  At most, a "Request for Information" by Plaintiff requests that Flagship provide a copy of the agreement that gave Flagship authority to "collect this alleged debt," and a "Cease and Desist" letter by Plaintiff references the FDCPA and "this alleged debt" and the "balance on the account," but neither document provides facts regarding Flagship's FDCPA violations (or the alleged debt or account).[39]  Plaintiff's notarized "Affidavit of Proof" ("Affidavit") with exhibits A-M attached,[40] is improper because it merely contains legal conclusions rather than facts within Plaintiff's personal knowledge.[41] Even if it

343, 348 (5th Cir. 2012), *citing Texas Medical Providers Performing Abortion Services v. Lakey,* 667 F.3d 570, 574 (5th Cir. 2012).  To obtain a preliminary injunction, four elements must be demonstrated: (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) that substantial injury to the plaintiff outweighs the threatened harm to the party whom the plaintiff seeks to enjoin, and (4) that granting the preliminary injunction would not disserve the public interest. *Planned Parenthood Ass'n of Hidalgo County Texas, Inc.,* 692 F.3d at 348, *citing id.*  Plaintiff has not pleaded any facts in support of these four elements, and her demand for monetary damages of $450,000 contradicts an irreparable injury, *e.g.,* an injury that cannot be compensated in monetary damages. "Irreparable injury is harm that 'cannot be undone through monetary damages,' that is, harm for which money damages are inadequate or for which money damages are 'especially difficult' to compute." *Johnson Controls, Inc. v. Guidry,* 724 F. Supp. 2d 612, 619 (W.D. La. July 12, 2010), *citing Deerfield Medical Center v. City of Deerfield Beach,* 661 F.2d 328, 338 (5th Cir. 1981) and *Allied Marketing Group, Inc. v. CDL Marketing, Inc.,* 878 F.2d 806, 810, fn. 1 (5th Cir. 1989). "The 'central inquiry in deciding whether there is a substantial threat of irreparable harm to the plaintiff is whether the plaintiff's injury could be compensated by money damages.'" *Johnson Controls, Inc.,* 724 F. Supp. 2d at 619, *citing Allied Marketing Group, Inc.,* 878 F.2d at 810, fn. 1.  "Thus, there can be no irreparable injury where money damages would adequately compensate a plaintiff." *Johnson Controls, Inc.,* 724 F. Supp. 2d at 619-20, *citing DFW Metro Line Services v. Southwestern Bell Telephone Co.,* 901 F.2d 1267, 1269 (5th Cir. 1990) (citations omitted).

[38] The only documents that are specifically referenced in or incorporated by the Complaint are Plaintiff's "cease and desist and invoices."  R. Doc. 1, p. 5.

[39] R. Doc. 1-3, pp. 5,  23 (same as p. 50).

[40] The Affidavit and exhibits A-M were attached to the Complaint at least twice.  *See* R. Doc. 1-3, pp. 24-41 (Affidavit with exhibits) and pp. 47-69 (Affidavit and exhibits as enclosures with a "Default and Opportunity to Cure" letter directed to Flagship).  Some of the exhibits were attached again at R. Doc. 1-3, pp.  9-21.

[41] *See, e.g., Floyd v. Chilly's L.L.C. of Alabama,* No. 15-544, 2017 WL 1455024, at *3 (M.D. La. Apr. 21, 2017): "For testimony from an affidavit to be admissible for summary judgment purposes, the affidavit must: 1) be based on personal knowledge, 2) set out facts that would be admissible in evidence, and 3) show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).  "Further, it is not enough to merely state that the affidavit is based on personal knowledge, it must be clear that it is also based on facts alleged in the affidavit." *Floyd,* 2017 WL 1455024, *3, *citing Bright v. Ashcraft,* 259 F. Supp. 2d 494, 498 (E.D. La. Feb. 11, 2003) ("A declarant must provide evidence to establish that he has personal knowledge of the facts stated.").  "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence." *Floyd,*  2017 WL 1455024, *3 *citing Walker v. SBC Services, Inc.,* 375 F. Supp. 2d 524, 535 (N.D. Tex. June 2, 2005). Finally, affidavits that contain legal conclusions and conclusory allegations are not admissible. *Gibson v. Liberty Mut. Group,* 129 Fed.Appx. 94, 95 (5th Cir. 2005) (upholding district court decision to strike portion of affidavit because "it contains legal conclusions and hearsay and was not based upon … personal knowledge."). Thus, to the extent Plaintiff

could be properly considered, the Affidavit fails to provide any factual explanation of the violations Plaintiff alleges.  The Affidavit consists of four and half pages of statements such as this: "Fact, affiant is aware and has proof in the attachment labeled as Exhibit [lettered exhibit A-M] that Flagship Credit Acceptance is in violation of [subsection/provision of FDCPA]."[42] The "proof" on the referenced exhibit is merely Plaintiff's handwritten notations of particular FDCPA provisions, which fail to provide any facts in support of a claim that Flagship violated those FDCPA provisions.[43] All of the exhibits attached to the Affidavit, and the other documents attached to the Complaint, are similarly insufficient.  For example, Plaintiff has attached the Motor Vehicle Installment Sales Contract ("Contract") with handwritten notations referencing provisions of the FDCPA,[44] but neither the Complaint nor the attachments explain how any notated item constitutes a violation.

In contrast, the exhibits comprised of correspondence from Flagship, and the allegations in the instant Motion, actually shed some light on what this case *may* be about  – Plaintiff's purchase of a 2007 Infiniti G35 from Granger Chevrolet on or about April 15, 2015, for which she stopped making payments at some point, resulting in repossession of the vehicle and a balance owed by

---

argues that the Motion should fail, or that her FDCPA claims are proven because Flagship failed to rebut her improper Affidavit, she is incorrect.  R. Doc. 16, p. 1.

[42] R. Doc. 1-3, pp. 24-28.

[43] Flagship's Motion raises potentially viable defenses to Plaintiff's FDCPA's claims, including that the FDCPA's definition of "debt collector" exempts Flagship because "it obtained a debt from another, it is collecting the debt for another, *and* the debt was acquired prior to default." R. Doc. 12-1, pp. 6-8 (emphasis in original) *and see* R. Doc. 16, pp. 2-3.  *See In re Trevino,* 535 B.R. 110, 135-36 (Bankr. S.D. Tex. July 31, 2015): "The legislative history of § 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." (citations omitted).  However, while Flagship provided the Contract, which reflects that a debt may have been assigned to "Flagship" at or about the time of the Contract's execution (R. Doc. 12-2, bottom of p. 2: "Seller assigns its interest in this contract to: Flagship"), Flagship has not authenticated the Contract via an affidavit or other evidentiary means. Similarly, Flagship has not offered evidentiary support for its defenses; therefore the merits of the defense cannot be reached.  *See* Fed. R. Evid. 901 *and e.g.,* Fed. R. Civ. P. 56.  While the instant Motion is being denied, it is without prejudice to Flagship re-asserting a dispositive motion with proper evidentiary support.

[44] *See* R. Doc. 1-3, p. 10.

Plaintiff to Flagship, who claims to be the pre-default assignee of the debt.[45]  However, this is speculation because none of the documents and statements authored *by Plaintiff* provide any details regarding Plaintiff's claims in this case,[46] including the nature/type of the debt at issue, and the Court cannot supply Plaintiff with factual support for her claims based on the documents in the record.[47]  Thus, Plaintiff's Complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6);[48] however, as discussed below, Plaintiff should be given leave to amend before her Complaint is dismissed.

### D.  Plaintiff Should Be Granted Leave to Amend Her Complaint to Correct the Noted Deficiencies

As this Court has held many times, "[A] court ordinarily should not dismiss the complaint except after affording every opportunity to the plaintiff to state a claim upon which relief might be granted."[49] The Fifth Circuit has further stated:

> In view of the consequences of dismissal on the complaint alone, and the pull to decide cases on the merits rather than on the sufficiency of pleadings, district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are

---

[45] R. Doc. 1-3, p. 9 (Flagship letter validating the debt, which appears to have a discrepancy as to the date of the sale and the total payments owed, based on the Contract at pp. 10-11, *and see* legible copy of the Contract at R. Doc. 12-2); pp. 10-11, *but see* legible copy at R. Doc. 12-2 (Contract); pp. 12-15 (Flagship payment history report); pp. 16-20 (correspondence from Flagship to Plaintiff regarding payments owed and repossession of the vehicle); and pp. 44-45, Flagship's September 3, 2020 letter to Plaintiff in response to Plaintiff's complaint to the Consumer Financial Protection Bureau's ("CFPB") Company Portal.  *See also* the Motion at R. Doc. 12-1, pp. 2-3, 5-7.

[46] *See* R. Doc. 1 (Complaint);  R. Doc. 1-3, pp.  2-3 (Plaintiff's June 14, 2020 "Debt Validation Letter" and "Cease and Desist"); p. 23 ("Cease and Desist"), pp. 24-28 ("Affidavit of Truth"), p. 43 (what is potentially Plaintiff's Complaint to the CFPB, but is illegible), and p. 47 (Plaintiff's "Default and Opportunity to Cure," which only references the FDCPA).

[47] *See Cervantes v. Weston,* No. 2:08-0182, 2009 WL 690051, at *2 (N.D. Tex. Mar. 16, 2009), *citing Davis v. Scott,* 157 F.3d 1003, 1005-1006 (5th Cir. 1998) ("The Court cannot act as plaintiff's attorney and construct his claims for him. As a pro se litigant, plaintiff has assumed that role for himself.   Plaintiff is the master of his complaint and is, in the end, the person responsible for articulating the facts that give rise to a cognizable claim.").

[48] *See Barlow v. Safety Nat. Cas. Corp.,* 856 F. Supp. 2d 828, 836 (M.D. La. 2012) ("None of the plaintiff's allegations concerning the defendants' alleged violations of certain provisions of the FDCPA are entitled to the assumption of truth because she merely recites the elements of the cause of action without any factual allegation against the several defendants named in her suit. Thus, the defendants are entitled to dismissal of the plaintiff's FDCPA claims.").

[49] *Fetty v. Louisiana State Board of Private Security Examiners,* No. 18-517, 2020 WL 520026, at *14 (M.D. La. Jan. 31, 2020)*, citing Byrd v. Bates*, 220 F.2d 480, 482 (5th Cir. 1955).

incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.[50]

One leading treatise has further explained:

> As the numerous case[s] ... make clear, dismissal under Rule 12(b)(6) generally is not immediately final or on the merits because the district court normally will give the plaintiff leave to file an amended complaint to see if the shortcomings of the original document can be corrected. The federal rule policy of deciding cases on the basis of the substantive rights involved rather than on technicalities requires that the plaintiff be given every opportunity to cure a formal defect in the pleading. This is true even when the district judge doubts that the plaintiff will be able to overcome the shortcomings in the initial pleading. Thus, the cases make it clear that leave to amend the complaint should be refused only if it appears to a certainty that the plaintiff cannot state a claim.... A wise judicial practice (and one that is commonly followed) would be to allow at least one amendment regardless of how unpromising the initial pleading appears because except in unusual circumstances it is unlikely that the district court will be able to determine conclusively on the face of a defective pleading whether the plaintiff actually can state a claim for relief.[51]

Because of the above "wise judicial practice," and considering Plaintiff's *pro se* status, it is recommended that Plaintiff be given one final opportunity to amend her complaint to attempt to state viable claims against Flagship.[52]

Plaintiff's Response to the Motion provides some allegations in support of potential FDCPA violations;[53] however, Plaintiff must allege facts in support of each element of each alleged violation of the FDCPA in an amended Complaint. Additionally, Plaintiff references violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et. seq*., in her Response;

---

[50] *Fetty*, 2020 WL 520026, **14-15, *citing Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co*., 313 F.3d 305, 329 (5th Cir. 2002).

[51] *Fetty*, 2020 WL 520026, *15, *citing* 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed. 2019).

[52] *Fetty*, 2020 WL 520026, *15.

[53] R. Doc. 16, pp. 1-3 (Flagship is a debt collector, and Flagship violated the FDCPA by: using a symbol on correspondence to Plaintiff, failing to disclose in the Contract that it was attempting to collect a debt, and providing Plaintiff's information to a third-party debt collector without her permission). It is not clear when these alleged violations occurred, what contract Plaintiff's alleges failed to disclosure the attempt to collect a debt, or to what third-party debt collector Flagship is alleged to have given her information.

however, Plaintiff's original Complaint makes no reference to the TILA[54] and Plaintiff may not raise new claims in a response to a motion to dismiss.[55]  If Plaintiff wishes to assert TILA claims, she must allege them, with factual support, in an amended Complaint.

To avoid dismissal pursuant to Fed. R. Civ. Proc. 12(b)(6), a complaint must allege more than mere "labels and conclusions" or  "formulaic recitations[s] of the elements of a cause of action."[56]  Therefore, Plaintiff must allege enough facts to make a threshold showing that the FDCPA applies, including that there is a covered "debt" and Flagship is a "debt collector." Furthermore, for each type of FDCPA violation Plaintiff alleges in her Complaint, *i.e.*, "l692.b(5), 1692e.(11), 1692f.(8), and 1692d(2)," she must plead facts that track the requirements of each statutory provision.[57]  As one example, 15 U.S.C. §1692b(5) provides: "Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall…not use any language or symbol on any envelope or in the contents of any communication effected by the mails or telegram that indicates that the debt collector is in the debt collection business or that the communication relates to the collection of a debt."  Therefore, to allege a claim pursuant to 15 U.S.C. §1692b(5), Plaintiff must allege sufficient facts tending to show that: (2) Flagship communicated with a third person for the purpose of finding location information about Plaintiff, and (3) Flagship used language or a symbol on an envelope or in a communication effected by the mails or telegram that indicates that Flagship is a

---

[54] R. Doc. 16, pp. 3-4.  *See* R. Doc. 17, pp. 3-4.

[55] *See Sneed v. Austin Indep. Sch. Dist.,* 487 F. Supp. 3d 584, 593-94 (W.D. Tex. 2020): "It is 'wholly inappropriate to use a response to a motion to dismiss to essentially raise a new claim for the first time.'" (*citing Diamond Beach Owners Ass'n v. Stuart Dean Co.*, 3:18-00173, 2018 WL 7291722, at *4 (S.D. Tex. Dec. 21, 2018), *report and recommendation adopted*, 3:18-00173, 2019 WL 245462 (S.D. Tex. Jan. 17, 2019)).

[56] *Kopp v. Klein*, 894 F.3d 214, 218-19 (5th Cir. 2018) (*citing Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

[57] Plaintiff references "1692.(a)" in her Complaint (R. Doc. 1, p. 5); however, 15 U.S.C. § 1692(a) is part of the Congressional findings and declarations of purpose of the FDCPA and does not appear to provide Plaintiff with a private cause of action.  Likewise, Plaintiff references "1692.(2)(A)"; however, that citation does not refer to an actual statutory provision.

debt collector in the debt collection business or that the communication relates to the collection of a debt.

## III. Recommendation

As Plaintiff has failed to allege adequate facts to state a claim for relief against Flagship Credit Acceptance under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.,*

**IT IS RECOMMENDED** that the Motion to Dismiss Plaintiff's Complaint,[58] filed by Defendant Flagship Credit Acceptance, be **GRANTED** and that Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that Plaintiff Daysha Blount be given twenty-one (21) days from the date of the Ruling adopting this Report and Recommendation in which to amend her Complaint to cure the deficiencies, and that Plaintiff's failure to timely file an amended complaint will result in conversion of the dismissal to one with prejudice.

Signed in Baton Rouge, Louisiana, on August 3, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[58] R. Doc. 12.

11